IN THE MATTER OF: WILLIAM L. LASSITER

No. 7914DC80

(Filed 6 November 1979)

**Constitutional Law § 40; Parent and Child § 1— proceeding to terminate parental rights—appointment of counsel for indigent not required**

    The appointment of counsel to represent an indigent respondent in a proceeding to terminate respondent's parental rights is not constitutionally required.

APPEAL by respondent from *Gantt, Judge.* Judgment entered 8 September 1978 in District Court, DURHAM County. Heard in the Court of Appeals 26 September 1979.

On 26 September 1974, William L. Lassiter, the child who is the subject of this proceeding, was born out-of-wedlock to re-

spondent. On 23 May 1975, the child was adjudicated to be a neglected child in need of protection, and he was placed in the legal custody of the Durham County Department of Social Services. By the offices of that agency, the child was placed in foster care, where he continues at present. The mother of the child, Abby Gail Lassiter (respondent in this matter), is currently serving a sentence for second degree murder at Raleigh Women's Prison, having been convicted and sentenced in July of 1976. She has had no contact with the child since December of 1975. The putative father has offered no support of any type to either mother or child and has taken no action to legitimate the child.

The mother was notified of the hearing in this matter by registered mail and had opportunity to seek counsel in the matter, but did not do so. She took no action to obtain counsel, and appeared at the hearing only because counsel for petitioner caused her to be brought to Durham for the hearing. The trial court heard evidence, found facts, and entered an order terminating her parental rights in the child. From that order respondent appeals, assigning error.

*Thomas Russell Odom, for petitioner-appellee.*

*Benjamin A. Currence, for the respondent-appellant.*

MARTIN (Robert M.), Judge.

The sole question presented on appeal is whether the trial court committed reversible error when it did not appoint counsel to represent the indigent respondent in this proceeding to terminate respondent's parental rights in her child. We conclude that the trial court did not commit error.

There is no question but that there is a fundamental right to family integrity protected by the U.S. Constitution. *See Quilloin v. Walcott*, 434 U.S. 246, 54 L.Ed. 2d 511, 98 S.Ct. 549 (1978). At issue is whether due process requires the State to appoint and pay counsel to represent indigents in this situation. The requirements of procedural due process were certainly met in this case. Respondent had ample notice of the hearing, was actually present when it was held, and was allowed to testify and cross-examine petitioner's witnesses. *See State v. Smith*, 265 N.C. 173, 143 S.E. 2d 293 (1965). The requirement of substantive due pro-

cess imposes a "standard of reasonableness and as such it is a limitation upon the exercise of the police power." *In re Moore,* 289 N.C. 95, 101, 221 S.E. 2d 307, 311 (1975). It certainly is not an unreasonable or arbitrary exercise of the police power for the State to intervene between parent and child where that child is helpless and defenseless and is endangered by parental neglect, inattention, or abuse. Certainly no unreasonableness or arbitrariness appears on the instant record where the evidence brought forward by the Department of Social Services demonstrated a pattern of neglect of her child by respondent substantially predating her present incarceration, and no evidence of any rehabilitation of respondent or amelioration of her attitude towards her child was adduced. The termination of parental rights by the State invokes no criminal sanctions against the parent whose rights are so terminated. While this State action does invade a protected area of individual privacy, the invasion is not so serious or unreasonable as to compel us to hold that appointment of counsel for indigent parents is constitutionally mandated. We agree with the underlying rationale of *In re Moore, supra,* in that the legislature might have required and authorized the appointment and payment of counsel for indigents in these circumstances, but apparently it did not choose to do so. There is certainly no bar to its making such a requirement in the future (as N.C. Gen. Stat. § 7A-546.1, effective 1 January 1980, does under specified circumstances) but we decline to impose any such requirement upon the counties and State in the absence of clear legislative direction. Respondent's assignment of error is overruled. The judgment of the court below is affirmed.

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.